FRED W. JONES, Jr., Judge.
Defendant Martin was charged by bill of information with distribution of cocaine (La.R.S. 40:967 A). After a jury trial, defendant was found guilty as charged. A presentence investigation was ordered and reviewed. Defendant was subsequently sentenced to serve 9 years imprisonment. Defendant appealed, alleging insufficient evidence and excessive sentence.* We affirm.
On February 27, 1985, defendant sold cocaine to Larry Buford, an undercover drug officer on loan from the Monroe Police Department, in Bastrop.
The facts leading to this transaction and defendant’s subsequent arrest are as follows:
In early January 1985, a confidential informant, Larry Burton, told patrolman Gale Rogers of the Bastrop Police Department that he could purchase cocaine from defendant. This information was relayed to Sargent Gary Carver and Captain Alan Freeman, detectives with the Bastrop Police Department. Captain Freeman later called the Monroe Police Department and requested that an officer be assigned for an undercover operation.
On February 27, 1985, Larry Buford, the officer assigned from Monroe, met with Captain Freeman and Sargent Carver in Bastrop. Officer Buford concealed a microphone on his person and accompanied Burton to defendant’s trailer.
Freeman, Carver, and Patrolman Rogers, who had arrived later, positioned themselves a few blocks from defendant’s residence so they could hear the drug transaction on the “body mike”.
Buford and Burton proceeded to defendant’s home. Burton introduced defendant to Buford as “Catfish”. Defendant then sold Buford three “sheets”, e.g., small tinfoil packages of cocaine, of white powder, later identified as cocaine, for $20 each.

Sufficiency of Evidence

Defendant apparently contends that the jury should have not believed the undercover officer’s identification of defendant. Defendant argues that the officer was incorrect as to defendant’s height and did not notice a scar on defendant’s forehead.
Officer Buford testified that he was positive defendant was the man who sold cocaine to him on February 27, 1985. The transaction took place at defendant’s residence. In addition Patrolman Rogers testified he was familiar with defendant’s voice, and recognized the voice of the person who *1207 sold cocaine to Officer Buford as that of defendant.
After viewing the evidence in a light most favorable to the prosecution, we conclude that any rational trier-of-fact could have found the essential elements of the crime had been proven beyond a reasonable doubt.

Excessive Sentence

Defendant contends that the 9 year sentence was imposed with “little regard for the sentencing guidelines as outlined in the Louisiana Code of Criminal Procedure”. This assignment of error is also meritless.
Defendant is 37 years of age and has a high school education. He has never been married, but has one daughter (defendant has never seriously contributed to her support). Defendant briefly served in the military. He has not been employed since 1983.
Defendant has no juvenile record, but has been convicted as an adult for possession of heroin, possession of a firearm by a convicted felon, two separate counts of resisting an officer, and a number of traffic violations.
Defendant maintained his innocence and showed no remorse for committing the instant offense. The trial judge considered the evidence presented in the case and his independent judgment was in accord with the jury verdict.
The trial court found that information provided to law enforcement officers indicated defendant was regularly involved in selling drugs. He had both marijuana and cocaine available for sale.
Defendant has no family obligations that would create any hardship on him or anyone else apart from the inconvenience and dislike of being incarcerated.
Defendant’s criminal record indicates an attitude of little regard for the rules of society expressed in the criminal laws.
The trial judge found that by selling cocaine, a very serious drug, defendant knew or should have known he was creating a likelihood of serious harm, or even death, to the recipients of the drug. Defendant’s only concern was to obtain money from the sales.
The trial judge concluded defendant was not a good risk for probation or other lenient treatment. He requires a substantial period of incarceration and confined treatment. Any lesser sentence would deprecate the seriousness of the crime.
DECREE
For the foregoing reasons, defendant’s conviction and sentence are affirmed.

 Defendant Martin also filed a pro se "Motion To Withdraw Counsel And New Counsel Appionted [sic]" in which he alleges ineffective assistance of counsel. We will not address this issue at the present time, but reserve defendant’s right to file an application for post conviction relief. This will give the trial court an opportunity to hold an evidentiary hearing on this issue.